UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DILENY RAMIREZ,

                Plaintiff,

                                            Index. No.:
                                            **VERIFIED COMPLAINT**
      -against-                             **JURY TRIAL DEMANDED**

ELECTRO USA CORP and JESSICA ROJAS,

                Defendants.
-----------------------------------------------------------------X

      Plaintiff, **DILENY RAMIREZ**, by and through her attorneys at *Heriberto A. Cabrera & Associates*, as and for their Complaint against Electro USA Corp ("Defendants"), respectfully alleges as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, minimum wages, spread of hours liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, minimum wages, inter alia, to Plaintiff Dileny Ramirez (hereinafter "Ramirez").

3. Plaintiff, Ramirez, demands a jury trial on all issues that may be tried by a jury.

## PARTIES

4. Plaintiff, Ramirez, is a resident of Hudson County, New Jersey, and she was an employee of Defendants' as a salesperson at Electro USA Corp.

(hereinafter "Electro") with the principle place of business located at 97-18 Roosevelt Avenue, Corona, New York 11368.

5. Upon information and belief, Electro, is a domestic corporation doing business within the State of New York, County of Queens, and has a principle place of business in Queens County in New York at 97-18 Roosevelt Avenue, Corona, New York 11368.

6. Upon information and belief, Electro, also transacts business out of the following storefront locations:

   - 97-18 Roosevelt Avenue, Corona, New York
   - 37-83 103rd Street, Corona, New York
   - 89-05 Roosevelt Avenue, Jackson Heights, New York
   - 80-02B Roosevelt Avenue, Jackson Heights, New York
   - 85-03 Northern Boulevard, Jackson Heights, New York
   - 90-22B Roosevelt Avenue, Jackson Heights, New York

7. Upon information and belief, Electro, is a domestic limited liability company doing business within the State of New York, County of Queens, and has a principal place of business in Queens, New York.

8. Upon information and belief, Electro, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

9. Electro is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a computer and/or cell phone repair shop based at 97-18 Roosevelt Avenue, Corona, New York 11368, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

10. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

11. Upon information and belief, Defendant Jessica Rojas, whose home address is unknown, is an individual and a natural citizen of the United States of America and doing business within the State of New York, in the City of Queens, and has a principal place of business in Queens County in the State of New York at:

    - 97-18 Roosevelt Avenue, Corona, New York
    - 37-83 103rd Street, Corona, New York
    - 89-05 Roosevelt Avenue, Jackson Heights, New York
    - 80-02B Roosevelt Avenue, Jackson Heights, New York
    - 85-03 Northern Boulevard, Jackson Heights, New York
    - 90-22B Roosevelt Avenue, Jackson Heights, New York

12. Upon information and belief, Defendant Jessica Rojas is Electro's Chief Executive Officer.

13. Defendant Jessica Rojas controls the hours, the task assignments and the overall work associated with Plaintiff's work at the store premises.

14. Defendant Jessica Rojas controls the terms and conditions of Plaintiff's employment and is thus an "employer" within the meaning of 29 U.S.C Section 203(d) and NYSLL Section 190(3).

## JURISDICTION AND VENUE

15. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiffs' NYSLL claims pursuant to 28 U.S.C. § 1367.

16. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

17. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

18. At all times relevant to this Complaint, Plaintiff received payments from Defendants and was economically dependent on Defendants in regards to making her living.

19. Defendants had the power to hire and fire employees including Plaintiff.

20. Defendants supervised and controlled Plaintiff's work schedules and/or conditions of employment.

21. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

22. Plaintiff, Ramirez, worked for Defendants as a salesperson at the Defendants' retail store located at 97-18 Roosevelt Avenue, Corona, New York 11368, from on or about October 31, 2017 until September 21, 2019.

23. Beginning on or about October 31, 2017 through on or about January, 2019, Plaintiff worked between six to seven days per week from 10pm to 9pm which shifts were for

eleven hours in a single day and which totaled approximately seventy-seven hours per week.

24. During the period beginning on or about October 31, 2017 through on or about January, 2019 Plaintiff was paid $100 per day.

25. Beginning on or about January, 2019 through on or about March, 2019, Plaintiff worked five days per week from 10pm to 9pm which shifts were for eleven hours in a single day and which totaled approximately fifty-five hours per week.

26. During the period beginning on or about January, 2019 through on or about March of 2019, Plaintiff was paid $100 per day.

27. Beginning on or about March of 2019 through on or about September 21, 2019, Plaintiff worked three days per week from 10pm to 9pm where shifts were for eleven hours in a single day and which totaled approximately thirty-three hours per week.

28. During the period beginning on or about March, 2019 through on or about September 21, 2019 Plaintiff was paid $100 per day.

29. During the entire period of her employment, Plaintiff was never paid an overtime premium for the hours she worked.

30. Plaintiff did not exercise any discretion over her tasks or over any significant aspects of the manner the Defendants ran their business. Nor did Plaintiff have control over the manner she could execute the tasks assigned to her.

31. Plaintiff never received time off or any vacation time for the entire period of her employment.

32. Upon information and belief, Defendants kept, and/or allowed to be kept, inaccurate records of the hours worked by Plaintiff.

33. Defendants failed to adequately and accurately disclose and/or keep track of the amount of hours Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

34. If Plaintiff's hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

35. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

36. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

37. Plaintiff re-alleges paragraphs 1-35 of this Complaint as if set forth fully herein.

38. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

39. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

40. Plaintiff routinely worked hours in excess of 40 hours a week.

41. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

42. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

43. Plaintiff re-alleges paragraphs 1-41 of this Complaint as if set forth fully herein.

44. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

45. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

46. Plaintiff routinely worked hours in excess of 40 hours a week.

47. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

48. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

49. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

### THIRD CAUSE OF ACTION

*Failure to Pay Minimum Wages (Federal)*

50. Plaintiff re-alleges paragraphs 1-48 of this Complaint as if set forth fully herein.

51. Plaintiff was a non-exempt employee of the Defendants' as understood by the FLSA at all relevant times.

52. At all relevant times, Plaintiff was paid below the controlling minimum wage required by state and federal law.

53. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

54. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid minimum wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION

*Failure to Pay Minimum Wages (State)*

55. Plaintiff re-alleges paragraphs 1-53 of this Complaint as if set forth fully herein.

56. Plaintiff was a non-exempt employee of the Defendants' as understood by the NYSLL at all relevant times.

57. At all relevant times, Plaintiff was paid below the controlling minimum wage required by New York State law.

58. Said failure to pay was willful, deliberate and/or reckless without any good faith basis.

59. Thus, pursuant to Section 663(1) of the New York Minimum Wage Act, Plaintiff is entitled to back pay for unpaid minimum wages, in an amount to be determined

at trial, liquidated damages, reasonable attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

*Failure to Provide Wage Notices & Wage Statements (State)*

60. Plaintiff re-alleges paragraphs 1-58 of this Complaint as if set forth fully herein.

61. Defendant failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

62. Defendants at all times failed to provide Plaintiff with any and all wage notices and/or wage statements that Defendants were obligated to provide to Plaintiff pursuant to NYSLL, particularly the New York State Wage Theft Prevention Act.

63. The Defendants' failure to provide Plaintiff with the aforementioned notices and statements were willful and malicious and/or reckless and/or negligent.

64. Thus, Plaintiff is entitled to statutory damages and attorney's fees for such failures by Defendants in an amount to be determined at trail, and such other relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION

*Failure to Pay Spread of Hours (State)*

64. Plaintiff re-alleges paragraphs 1-63 of this Complaint as if set forth fully herein.

65. Defendants have not paid Plaintiff her due additional hour of pay for shifts where Plaintiff worked in excess of 10 hours as required by NYSLL while making less than or at minimum wage.

66. Such failure to pay was willful within the meaning of NYSLL § 198(1-a).

67. Defendant's willful and intentional failure to pay the spread of hours violates

9

the New York State Code of Rules and Regulations, Title 12, § 142-2.4, which requires employers to pay an additional hour at minimum wage when an employee works in excess of 10 hours in a single day.

68. Plaintiff is entitled to compensatory damages for Defendants' failure to pay the required spread of hours for each day they worked more than 10 hours, as well as liquidated damages, reasonable attorney's fees, costs and prejudgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wages, minimum wages and spread of hours pay due as a consequence of Defendant's violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Awarding Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury as to all issues in the above matter.

Dated: Brooklyn, New York
October 9, 2019

HERIBERTO A. CABRERA & ASSOCIATES

_____
Heriberto A. Cabrera, Esq.
*Attorneys for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232
info@gonylaw.com

## VERIFICATION

STATE OF NEW YORK)

                ss:

COUNTY OF KINGS)

    I, **DILENY RAMIREZ**, the undersigned being duly sworn, deposes and say: I am the Plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and that I know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
DILENY RAMIREZ


Sworn to before me this

__12__ day of __Oct._____, 2019

_____
Notary Public

HERIBERTO A. CABRERA
Notary Public, State of New York
No. 02CA5043755
Qualified in Kings County
Commission Expires 1/22/22

12